UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STONE POINT ADVISORY, LLC (D/B/A IQ BANKER),

                Plaintiff,

        v.

S&P GLOBAL MARKET INTELLIGENCE, INC. and S&P GLOBAL INC.,

                Defendants.

Case No. 1:25-cv-00773

**STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

---

WHEREAS, all parties to this action (collectively, the "Parties" and each individually, a "Party") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the Parties to this action (the "Action"), their respective officers, agents, servants, employees, and attorneys, and any other persons who sign this Stipulated Protective Order or the Non-Disclosure Agreement attached hereto, or anyone with actual notice of this Order, will adhere to the following:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of informal and/or formal discovery in this Action) that is designated as "Confidential" or "Attorneys' Eyes Only" (collectively, "Confidential Information") pursuant to the terms of this Order shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder. Nothing contained in this Protective Order, however, will affect or restrict the

rights of any person with respect to his, her, or its own documents or information produced in this Action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this Action.

2. Counsel for any party or non-party who produces information in the Action (each a "Producing Party") may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise contains sensitive non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the Producing Party, seriously harm the Producing Party's business, commercial, financial, or personal interests or cause the Producing Party to violate his, her, or its privacy or confidentiality obligations to others. Information and documents designated by a Producing Party as confidential will be stamped "CONFIDENTIAL."

3. The Producing Party may designate as "Attorneys' Eyes Only" any portion thereof that the Producing Party believes in good faith: (a) contains highly confidential or highly sensitive information, the disclosure of which is likely to have a significant effect on current or future (i) business or commercial strategies or decisions or (ii) product plans or development; (b) the disclosure to persons other than those authorized under paragraph 8 below is restricted by law; or (c) was previously produced in a case with an Attorneys' Eyes Only designation. Any party who requests a designation of "Attorneys' Eyes Only" for a reason other than those set forth above may at any time before the trial of this Action serve upon counsel for

2

the recipient party a written notice stating with particularity the grounds for the request. If agreement cannot be reached promptly, counsel for all Parties will address their dispute to the Court. This Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this Action from conveying to any party client the attorney's evaluation in a general way of Confidential Information produced or exchanged under the terms of this Order marked as Attorneys' Eyes Only.

4. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or that person's counsel may designate such portion as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" or "Attorneys' Eyes Only" either on the record during the deposition or in writing within 14 business days of receipt of the transcript. From the date of the deposition until the end of this 14 business day period, all deposition transcripts and the information contained therein shall be deemed "Attorneys' Eyes Only." If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If, at any time prior to the trial of this Action, a Producing Party realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential" or "Attorneys' Eyes Only," the

Producing Party may so designate that portion by promptly notifying all Parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential or Attorneys' Eyes Only under the terms of this Order. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Attorneys' Eyes Only" designation within two business days of providing such notice.

6. A person receiving Confidential Information may use such Confidential Information only for prosecuting or defending the above-captioned litigation.

7. In the event a Party challenges a Producing Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

8. No person subject to this Order, other than the Producing Party, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

    a. the Parties;

    b. the employees and agents of the Parties to the Action, provided that such disclosure is needed to assist in the prosecution, defense or settlement of this Action;

    c. counsel retained specifically for this Action, including any paralegal, clerical, or other assistant employed by such counsel and assigned specifically to work on this Action;

4

    d.  as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

    e.  any person retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

    f.  stenographers and video technicians engaged to transcribe or record depositions conducted in this Action;

    g.  independent photocopying, graphic production services, or other litigation support services employed by any of the Parties or their counsel to assist in this Action, including computer service personnel performing duties in relation to a computerized litigation system;

    h.  the Court and its staff; and

    i.  any other person whom the Producing Party, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

9.  No person subject to this Order, other than the Producing Party, shall disclose any Attorneys' Eyes Only Discovery Material to any other person whomsoever, except to the persons identified in subparagraphs 8(c), 8(d), 8(e), 8(f), 8(g), 8(h), and 8(i), unless the Parties agree in advance to such disclosure.

10.  Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege

or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Should any Party inadvertently produce documents subject to attorney-client privilege, work product protection, and/or any other applicable privilege or protection, the Producing Party may recall such documents by notifying the receiving party in writing of the inadvertent production and the basis for the claim of attorney-client privilege and/or work-product protection. Within five (5) business days from receiving notice from the Producing Party, the receiving party shall either (1) return the originals and all copies made by the receiving party of the documents identified in the notice; or (2) destroy the originals and all copies made by the receiving party, as specified by the Producing Party, and confirm the same in writing. The receiving party shall not use or disclose the information subject to the claim of attorney-client privilege and/or work-product protection and shall take reasonable steps to retrieve such information if the receiving party disclosed that information before receiving notification from the Producing Party. The receiving party's obligation to return the inadvertently produced documents is without prejudice to the receiving party's right, within the five (5) business day period, to present the information subject to the claim of attorney-client privilege and/or work-product protection to the Court under seal for the purpose of challenging the Producing Party's claim. The inadvertent production shall not be a basis for any finding that the attorney-client privilege and/or

6

work-product protection have been waived in connection with any such challenge to the Producing Party's claim.

12. In the event a Party wishes to file Confidential Information with the Court, it shall follow the Court's procedures with respect to filing under seal. In the event a Party wishes to file material designed "Attorneys' Eyes Only" with the Court, the Parties shall meet and confer and attempt to agree regarding appropriate redactions.

13. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the Producing Party or certified as destroyed upon request; provided, however, that counsel for each Party shall be entitled to retain one copy their working files even if such files contain Confidential Information.

14. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

Dated:  New York, NY                SO STIPULATED AND AGREED.
         May 19, 2026

By:    */s/ Bruce J. Rose*
_____

Bruce J. Rose (*pro hac vice*)
N.C. State Bar No. 20105
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Tel: (704) 331-1000
Email: brucerose@mvalaw.com

Georgia K. Winston
WALDEN MACHT HARAN & WILLIAMS LLP
250 Vesey Street, 27th Floor
New York, New York 10281
Tel: (212) 335-2972
Email: gwinston@wmhwlaw.com

*Attorneys for Plaintiff Stone Point Advisory, LLC*
*(D/B/A IQ Banker)*


*/s/ Justin MacLean*
_____

Justin MacLean
GREENBERG TRAURIG LLP
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 801-9200
Email: Justin.Maclean@gtlaw.com

*Attorneys for Defendants S&P Global Market*
*Intelligence, Inc. and S&P Global Inc.*

8

9

Dated:    New York, NY
          May 20, 2026

SO ORDERED.

HON. RONNIE ABRAMS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STONE POINT ADVISORY, LLC (D/B/A IQ BANKER),<br><br>    Plaintiff,<br><br>    v.<br><br>S&P GLOBAL MARKET INTELLIGENCE, INC. and S&P GLOBAL INC.,<br><br>    Defendants. | Case No. 1:25-cv-00773<br><br>**ANNEX TO STIPULATION AND** ~~**PROPOSED**~~ **PROTECTIVE ORDER** |

**NON-DISCLOSURE AGREEMENT**

I, _____, state that:

   I have read and reviewed in its entirety the annexed Stipulated Protective Order ("Protective Order") that has been signed and entered in this matter.

   I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

   I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

   DATED this _____ day of _____, 2025.


     Signature:      _____

     Typed/Printed Name:  _____

10